1

2

3                           UNITED STATES DISTRICT COURT

4                          NORTHERN DISTRICT OF CALIFORNIA

5

6   RAEKUBIAN ALEXANDER BARROW,

7                  Plaintiff,                    No. C 14-2572 EDL (PR)

8          v.                                    **ORDER OF DISMISSAL**

9   PEOPLE OF THE STATE OF
    CALIFORNIA, et al.,
10

11                 Defendants.
                                            /

12

        Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C.
13
    § 1983.  Plaintiff's motion for leave to proceed in forma pauperis is granted in a separate
14
    order.  For the reasons stated below, plaintiff's complaint is DISMISSED.
15
                                     **DISCUSSION**
16
    **A.     Standard of Review**
17
        A federal court must conduct a preliminary screening in any case in which a prisoner
18
    seeks redress from a governmental entity or officer or employee of a governmental entity.
19
    *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and
20
    dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may
21
    be granted or seek monetary relief from a defendant who is immune from such relief.  *See*
22
    28 U.S.C. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  *See*
23
    *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).
24
        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
25
    elements: (1) that a right secured by the Constitution or laws of the United States was
26
    violated, and (2) that the alleged violation was committed by a person acting under the
27
    color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).
28

**United States District Court**
For the Northern District of California

**B.      Legal Claims**

In his complaint, plaintiff raises claims related to his underlying criminal conviction. Specifically, plaintiff raises a claim of ineffective assistance of counsel and argues that the police reports were false.  Plaintiff also claims that some of the witnesses committed perjury.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).  Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).  "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 131 S. Ct. at 1293 (quoting *Wilkinson*, 544 U.S. at 82). As a consequence, challenges to prison conditions have traditionally been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004).

Here, plaintiff is not challenging the conditions of his confinement.  He is attacking the lawfulness of his confinement altogether.  Because plaintiff's claims, if successful, could affect the duration of his custody, and the determination of the claims could result in entitlement to an earlier release, plaintiff's claims must be brought in a habeas corpus proceeding. *See Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003) (implying that a claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition).

## CONCLUSION

Accordingly, this action is DISMISSED without prejudice to plaintiff's re-filing as a

1  petition for habeas corpus pursuant to 28 U.S.C. § 2254 after he has completed exhausting

2  his state remedies.  The Clerk shall terminate all pending motions and close the file.

3  **IT IS SO ORDERED.**

4  Dated: August _26_, 2014.

_Elizabeth D. Laporte_
ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

P:\PRO-SE\EDL\CR.14\Barrow2572.habftsc.wpd

**United States District Court**
For the Northern District of California

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3